# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TOMMIE WASHINGTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 14-1038-CM |
| ) | |
| **T&W MEAT COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motion to sanction plaintiff for bribing a witness (Doc. 17). The motion came before the undersigned magistrate judge for evidentiary hearing on July 8, 2014. For the reasons set forth below, defendants' motion is DENIED WITHOUT PREJUDICE.

## Background

Plaintiff alleges racial discrimination by his former employer, T&W Meat Company (T&W), in violation of 42 U.S.C. § 1981. Highly summarized, plaintiff alleges that defendant Michael Kirby, owner of T&W, and his sons frequently used racial slurs and subjected plaintiff to other forms of harassment which created a hostile work environment. Plaintiff claims that defendant illegally terminated his employment on December 4, 2013 and that the reason he was fired was pretext for racial discrimination

and retaliation. Defendants deny plaintiff's claim and assert that he was fired for failing to remove enough meat from the bones as required by his position as a butcher.

## Defendants' Motion for Sanctions

The parties exchanged witness declarations early in the course of this litigation. On December 28, 2013, plaintiff obtained a declaration from his former coworker Michael Tyler that supported plaintiff's allegations of racial discrimination.[1] For unknown reasons, defendants obtained a later declaration from Tyler in which he stated that plaintiff asked Tyler to talk with his attorneys and that plaintiff offered Tyler money for his statement.[2] Defendants now request sanctions, including dismissal, to punish plaintiff for bribing Tyler. Plaintiff denies that he offered anything of value to Tyler in exchange for his testimony.

It is within the court's inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process" but that power "must be exercised with restraint and discretion."[3] Dismissal is only appropriate if the "aggravating factors outweigh the judicial system's strong predisposition to resolve cases on the merits."[4] The parties agreed at hearing that the court must find clear and convincing evidence of the

---

[1] Pl.'s Mot., Doc. 17, Ex. B.
[2] Pl.'s Mot., Doc. 17, Ex. C.
[3] *Ice Corp. v. Hamilton Sundstrand Inc.*, 05-4135-JAR, 2007 WL 3037467, at *2 (D. Kan. Aug. 9, 2007) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).
[4] *Id.* (citing *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1043-44 (10th Cir. 2005) (discussing the factors outlined by the Tenth Circuit to assist in determining whether dismissal is an appropriate sanction for bad faith litigious conduct)).

bribery in order for sanctions to be appropriate.[5]  Here, that factual finding by the court rests upon the credibility of the witnesses.

On the basis of the testimony of both plaintiff and Tyler, the court is not convinced that bribery occurred.  Tyler acknowledged that plaintiff asked him to speak with plaintiff's lawyer about what happened at T&W.  Tyler understood that this request meant simply to tell the truth about his experiences and revealed that he and plaintiff previously discussed the possibility of both men filing lawsuits.  Although Tyler testified that plaintiff offered him *something* for his testimony, he stated that a specific amount of money was never offered or discussed.  Tyler was unsure whether plaintiff meant he would reimburse Tyler for court fees or whether he meant something else.  Tyler clarified that his willingness to testify was not connected to any offer of money from plaintiff, but that he wanted to get his own story out.  Plaintiff readily admitted that he had spoken to Tyler about possible testimony, but denied offering any money and was uncertain why Tyler understood that from their conversation.  Both men provided credible testimony that the court interprets as simply confusion between unsophisticated laypeople—both men told the truth as each man understood it.

At hearing, defense counsel announced that his recent research included case law from the Southern District of Ohio that was directly on point and would be persuasive to

---

[5] *See, e.g., Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290-91 (10th Cir. 2005) (analyzing whether misconduct rose to the level of a fraud on the court); *see also Young v. Office of U.S. Senate Sergeant at Arms*, 217 F.R.D. 61, 65-66 (D.D.C. Aug. 22, 2003 (outlining the District of Columbia's factors for determining whether to dismiss the case as a sanction for fraudulent or bad faith misconduct).

the court in its decision.[6]  Upon review of *Holmes v. U.S. Bank* and the parties' supplemental briefing following the hearing, the court finds that *Holmes* is factually distinguishable and therefore unpersuasive.  Although the plaintiff in *Holmes* admitted to an attempt at bribing a witness, her continued misconduct was pervasive in all areas of the litigation.  For example, she willingly failed to produce discovery documents and lied about her document production.  She also admitted to falsifying her employment application with defendant and provided false testimony during her deposition.[7]  But here, the court finds no similar instances of misconduct.

After carefully considering the respective briefs and arguments of the parties as well as the testimony of the witnesses, the court is not persuaded that sanctions are warranted.  Defendants may refile their motion for sanctions if they develop additional evidence of misconduct.  In light of the confusion created by the communication between plaintiff and his former coworker, the court specifically directs the parties to refrain from discussing the subject matter of this litigation with any designated or potential witnesses.  Counsel are cautioned to carefully review this requirement with the parties.

**IT IS THEREFORE ORDERED** that defendant's motion to sanction plaintiff for bribing a witness (**Doc. 17**) is **DENIED WITHOUT PREJUDICE**.

---

[6] *See Holmes v. U.S. Bank*, 2009 WL 1542786, at *5-9 (S.D. Ohio May 28, 2009) (granting defendant's motion to dismiss plaintiff's employment discrimination claim as a sanction for plaintiff's serious misconduct).
[7] *Id*. at 5-6.

**IT IS FURTHER ORDERED** that the parties refrain from discussing the subject matter of this litigation with any designated or potential witnesses for the duration of the litigation.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 29th day of July 2014.

    _s/ Karen M. Humphreys_____
    KAREN M. HUMPHREYS
    United States Magistrate Judge